SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
RONALD J. HOLLAND, Cal. Bar No. 148687
  rholland@sheppardmullin.com
BABAK YOUSEFZADEH, Cal. Bar No. 235974
  byousefzadeh@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:   415-434-9100
Facsimile:   415-434-3947

Attorneys for Defendant
WASTE MANAGEMENT OF ALAMEDA
COUNTY, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE MALDONADO,<br><br>        Plaintiff,<br><br>   v.<br><br>WASTE MANAGEMENT OF ALAMEDA COUNTY, INC. and DOES 1-25,<br><br>        Defendants. | Case No.<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF ACTION**<br><br>[28 U.S.C. §§ 1331, 1441 (A), (B), AND (C), 1446(A),(B) AND (D)] |

TO: CLERK OF THE COURT OF THE NORTHERN DISTRICT OF CALIFORNIA

PLEASE TAKE NOTICE that Defendant WASTE MANAGEMENT OF ALAMEDA COUNTY, INC. hereby removes the above-entitled action, Case No. RG 11560642, from the Superior Court of California, County of Alameda, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1441(a), (b) and (c) and 1446(a), (b) and (d). The removal is based on the existence of a federal question, as Plaintiff asserts claims that substantially depend on the interpretation of a collective bargaining agreement and are preempted under section 301 of the Labor Management Relations Act. 28 U.S.C. §§ 1331, 1441(a), (b) and (c). In support of this removal, Defendant states the following:

## I.    JURISDICTION AND VENUE

1.    This Court has original jurisdiction of this matter under 29 U.S.C. § 185(a), as Plaintiff has claimed a "violation of [a] contract[] between an employer and a labor organization representing [him] in an industry affecting commerce." Further, this matter may be removed pursuant to the provisions of 28 U.S.C. section 1441(b), in that it is a civil action that presents a federal question. As set forth below, this case meets all of Section 1331's requirements for removal, and is timely and properly removed by the filing of this Notice.

2.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391 and 1446. This district and division embraces the County of Alameda where the action is pending in the Superior Court of California, County of Alameda. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

## II.    REMOVAL IS PROCEDURALLY PROPER

### A.    Plaintiff's Complaint And Procedural History.

1.    On February 9, 2011, Plaintiff Rene Maldonado ("Plaintiff") filed a Complaint in the Superior Court of California, County of Alameda, entitled: *Rene Maldonado v. Waste Management of Alameda County, Inc. and DOES 1-25.* The Complaint alleges six enumerated causes of action against Defendant Waste

Management of Alameda County, Inc. ("Defendant" or "WMAC"), consisting of: (1) Race Discrimination in Violation of FEHA; (2) Retaliation in Violation of the FEHA; (3) Harassment Based on Race In Violation of the FEHA; (4) Failure to Accommodate in Violation of FEHA; (5) Failure to Prevent Discrimination/ Harassment/Retaliation in Violation of FEHA; and (6) Failure to Pay Wages for Work Performed During Mandated Meal Periods In Violation of Labor Cal. Labor Code §§ 512 and 226.7 (hereinafter the "Complaint"). A true and correct copy of the Complaint (along with included attachments) is attached as Exhibit 1 to this Notice, filed concurrently herewith, and incorporated as though fully set forth herein.

2. Though Plaintiff is a member of a union, and his employment relationship with WMAC is subject to a collective bargaining agreement ("CBA") between WMAC and Plaintiff's union, Plaintiff's Complaint did not enumerate any claim under federal law or allege any violations under the CBA. *See* Declaration of Babak G. Yousefzadeh ("Yousefzadeh Dec.") at ¶¶ 3, 17-18; *see also* Exhibit 1 to this Notice. Rather, each claim was expressly alleged as violating California's Fair Employment and Housing Act ("FEHA") and Labor Code. *See id.* Thus there was nothing on the face of Plaintiff's Complaint raised any federal questions, or established that Plaintiff intended to allege claims arising out of federal law. *See* Yousefzadeh Decl. at ¶¶ 3-4; *see, generally*, Exh. 1 to this Notice.

3. The parties to this action are both California citizens for purposes of removal. *See* Yousefzadeh Decl. at ¶ 4; Exh. 1 to this Notice. Given that the Complaint only alleged causes of action under California Law, and no diversity of citizenship exists, Defendant filed its Answer to Plaintiff's Complaint on or about March 14, 2011. Yousefzadeh Decl. at ¶ 5; Exh. B to this Notice. A true and correct copy of Defendant's Answer to Plaintiff's Complaint is attached as Exhibit 2 to this Notice, filed concurrently herewith, and incorporated as though fully set forth herein.

4. Shortly after filing its Answer, on or about March 28, 2011, Defendant served Plaintiff with a first round of discovery requests, including Form

Interrogatories – Employment Law (Set One). *See* Yousefzadeh Decl. at ¶ 6; Exh. A thereto.

5.　On May 17, 2011, Defendant received Plaintiff's responses to its first round of discovery, including Plaintiff's Responses to Defendant's First Set of Form Interrogatories [Employment]. See Yousefzadeh Decl. at ¶ 7; Exh. B thereto.

6.　Plaintiff's Responses to Defendant's First Set of Form Interrogatories [Employment] (hereinafter "Discovery Responses") suggested that his claim for failure to pay meal period wages under the California Labor Code, and his other claims under the FEHA, were consistent with a "failure to pay in accordance with," and/or a "failure to provide meal breaks pursuant to" the CBA, which governed the parties employment relationship (discussed further below). *See* Yousefzadeh Decl. at 8; Exh. B thereto at p.10.

7.　Shortly thereafter, on or about June 2, 2011, Defense counsel and Plaintiff's counsel met and conferred on the telephone. Yousefzadeh Decl. at 9. During that telephone conference, the parties discussed Plaintiff's allegation of a possible violation of the CBA, as stated in Plaintiff's Discovery Responses. *Id.* At that time, Plaintiff's counsel acknowledged that the allegation in question (as set forth in Plaintiff's Discovery Responses) arose under the CBA. *Id.* Counsel for the parties also discussed a possible second violation of the CBA: that Plaintiff was allegedly subjected to excessive physical therapy after an industrial injury, which was a potential violation of the terms of the CBA. *Id.*

8.　Notably, however, during the same conversation of June 2, Plaintiff's counsel stated he recalled purposefully avoiding allegations of CBA violations in the Complaint – and expressly relying on violations of California law – for purposes of choosing the venue for Plaintiff's Complaint. *Id.* at ¶ 10. Plaintiff's counsel further advised that he was not yet sure whether Plaintiff wished to assert claims arising under the CBA, and thus rendering the case removable to the U.S. District Court. *Id.* Thereafter, Plaintiff's counsel agreed that he would consider whether Plaintiff wished

to allege violations of the CBA (in addition to his state causes of action), and inform Defendant of that decision when made. *Id.* Defense counsel and Plaintiff's counsel both agreed that, if Plaintiff intended to allege violations of the CBA, removal of the action would become the proper course. *Id.*

9.    On or about June 28, 2011, counsel for Defendant and Plaintiff had another conversation, during which Plaintiff's counsel confirmed Plaintiff intended to assert claims for violation of the CBA, as set forth above. *Id.* at ¶ 11. In other words, on that day, Plaintiff confirmed his intention to allege: (1) he did not receive timely meal periods (or proper relief for untimely meal periods) *under the terms of the CBA*; and (2) the physical therapy, which he underwent as a result of an industrial injury, violated the terms and conditions set forth in the CBA. *Id.* Accordingly, counsel for both parties that removal was (as of then) proper. *Id.* at ¶ 12.

10.    Given that Plaintiff's Complaint did not present any federal question on its face, and given that the parties were (and are) not diverse, the "case stated by the initial pleading [was] not removable." *See* 28 U.S.C. § 1446(b); *see also* Yousefzadeh Decl. at ¶¶ 3-5, 13. Further, Plaintiff's Discovery Responses did not indicate that "the case … ha[d] become removable," because Plaintiff's counsel immediately advised: (1) he had intentionally avoided alleging violations of the CBA for purposes of selecting venue; and (2) Plaintiff was (then) still unsure he wanted to allege violations of the CBA in addition to his state law claims. *See* 28 U.S.C. § 1446(b); *see also* Yousefzadeh Decl. at ¶¶ 10, 13. Defendant could only ascertain that "the case … ha[d] become removable," once Plaintiff's counsel confirmed Plaintiff's intention to assert violations of the CBA, on or about June 28, 2011. *See id.; see also DeBry v. Transamerica Corp.,* 601 F.2d 480, 499 (10th Cir. 1979) (where voluntary act of Plaintiff renders previously non-removable case removable, removal is proper within 30 days of "*unequivocal* notice to the defendant that the situation had changed").[1]

---

[1]    Notably, though Defendant could have filed a removal sooner, and this Court could have considered it, Plaintiff could remand the case by simply expressing his intention to not pursue claims under the CBA. Thus, to avoid a waste of such efforts,

11. As required by 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days after Plaintiff confirmed he intended to pursue claims for violation of the CBA. *See id.* Further, less than one year has passed since the filing of Plaintiff's Complaint, and as such there is no bar to removal of action. *See* 28 U.S.C. § 1446(b).

12. To Defendant's knowledge, no other Defendant in this action has been specifically named or served. Yousefzadeh Dec. at ¶ 15. The defendants that Plaintiff designated as Does 1-25 are fictitious defendants. To Defendants' knowledge, they have also not been served. *See id.* Thus, no other defendants need join in this Notice of Removal. *See Salveson v. Western States Bankcard Assoc.*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summoned can remove by themselves").

13. A copy of this Notice of Removal will be filed with the Clerk of the Superior Court of California, County of Alameda, and served upon all parties, as required by 28 U.S.C. § 1446(d).

**B.      Plaintiff's Employment Was At All Times Governed By A CBA.**

1. Defendant hereby incorporates the foregoing paragraphs 1-15 as if fully set forth herein.

2. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §§ 185, 1331, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b). Plaintiff's newly asserted claims require substantial interpretation of a collective bargaining agreement between an employer and a union. Yousefzadeh Decl. at ¶ 16. Therefore, the action is entirely preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

it was necessary to first get Plaintiff's confirmation of his intent to pursue such claims. Yousefzadeh Decl. at ¶ 13.

3. Plaintiff began working for WMAC on or about July 19, 1999. *See* Plaintiff's Complaint, Exh. 1 hereto, at ¶ 10; Yousefzadeh Decl. at ¶ 17. While working for Defendant, Plaintiff was a member of the International Longshore and Warehouse Union, Local 6 ("Union" or "Local 6"). Yousefzadeh Decl. at ¶ 17. Local 6 is a labor organization in which certain employees of WMAC participate, and which exists for the purpose of dealing with employees concerning grievances, labor disputes, wages, rates of pay, hours of employment, and conditions of work. *Id.* Thus Local 6 has been, and is, a labor organization within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), and Section 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a). *Id.*

4. Defendant and Local 6 have entered into a CBA that governs the terms and conditions of Plaintiff's employment.[2] *See* Yousefzadeh Decl. at ¶ 18; Exh. C thereto. At all relevant times, the CBA has been (and is) a contract between an employer and a labor organization within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a). Yousefzadeh Decl. at ¶ 20; Exhs. C and D thereto.

5. At all relevant times, WMAC has been, and is, a company engaged in commerce and in an industry affecting commerce within the meaning of Sections 2(2), 2(6), and 2(7) of the NLRA, and section 301(a) of the LMRA, 29 U.S.C. §§ 152(2), (6), (7) and 185(a). Yousefzadeh Decl. at ¶ 21.

---

[2] A true and correct copy of the CBA between Defendant and Local 6 is attached as Exhibit C to the Declaration of Babak G. Yousefzadeh, filed concurrently herewith, and incorporated fully herein. The terms of the current CBA were negotiated and executed in full before Plaintiff's employment, and covered the period of June 1, 1997 to June 1, 2001. After that date, the CBA automatically renewed annually, in accordance with Section 31 of the CBA, unless one party served 60 day notice of intent to amend, modify, or terminate the agreement. Yousefzadeh Decl., ¶ 18; Exh. C thereto at p. 20. No notice of termination has been submitted. Indeed, the CBA was most recently ratified again as part of a settlement resolution through an addendum executed on April 24, 2008. Yousefzadeh Decl., ¶ 19; Exh. D thereto. A true and correct copy of the addendum executed on April 24, 2008 is attached as Exhibit D to the Declaration of Babak G. Yousefzadeh, filed concurrently herewith, and incorporated fully herein.

**C.** **Plaintiff's Newly Asserted Claims Are Preempted By The LMRA Because They Allege Violations of the CBA, and Require Substantial Interpretation Of Its Provisions.**

**1.** **Lack of reference to the CBA or Section 301 of the LMRA in Plaintiff's Complaint does not preclude removal.**

1.     The fact that Plaintiff has not made specific reference to the CBA, or Section 301 of the LMRA, in his Complaint will not preclude removal. *Milne Employees Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980). The Court may properly look beyond the face of the Complaint to determine whether the claims asserted are in fact preempted by Section 301. *See Lippitt v. Raymond James Financial Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the Court may properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983), partially overruled on other grounds by *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1246 (9th Cir. 2009).

2.     Though not pled as such in his Complaint, Plaintiff's newly asserted claims may be properly "recharacterized" as a federal claim under the "complete preemption" doctrine, which provides that the preemptive force of Section 301 of the LMRA "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and is removable to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *See Federal Tax Bd. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 23 (1983) ("if a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises' under federal law").

**2.      Section 301 preempts Plaintiff's newly proposed claims as they
are founded directly on rights created in the CBA, and are
entirely dependent on interpretation of the CBA.**

1.     Section 301 of the LMRA provides a basis for federal jurisdiction, and authorizes federal courts to develop a federal common law of CBA interpretation. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 411 (1988); *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 451, 456 (1957); *Local 174, Teamsters of Am. v. Lucas Flour Co.*, 369 U.S. 95, 103-04 (1962).  To ensure uniform interpretations of collective bargaining agreements, federal common law preempts the use of state contract law in collective bargaining agreement interpretation and enforcement. *Lucas Flour Co.*, 369 U.S. at 103-04; *Lingle*, 486 U.S. at 411.

2.     Further, although the language of Section 301 references "suits for violation of contracts," the United States Supreme Court has construed Section 301 "quite broadly to cover most state-law actions that require interpretation of labor agreements." *Associated Builders & Contractors*, 109 F.3d at 1356-57.  Thus, Section 301 also preempts state law claims if their evaluation is "inextricably intertwined" with consideration of the terms of a labor contract. *Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991).

3.     Here, Plaintiff proposes to assert a new claim, alleging he did not receive timely meal periods, or meal period premiums, under the CBA.  Yousefzadeh Decl. at ¶¶ 11, 22.  Section 8 of the CBA contains a provision governing "Meal Periods" for WMAC employees such as Plaintiff.  Yousefzadeh Decl. at ¶ 22, Exh. C thereto at p. 6.  That provision provides: "If employees are worked over five (5) consecutive hours without a meal, all time in excess of five (5) hours shall be paid at one and one-half (1-1/2) times the straight overtime rate." *Id.*  Here, apparently Plaintiff seeks to assert that he did not receive timely meal periods *under the CBA*, and is thus entitled to "overtime rate" for each hour worked in excess of five (per shift that he received a late

meal period).[3] *Id.* Accordingly, Plaintiff's newly proposed claim is "founded directly on rights created by collective bargaining agreements" and/or are substantially dependent on analysis and interpretation of a collective bargaining agreement. *See Hayden*, 957 F.2d at 1509; *see also Caterpillar, Inc.*, 482 U.S. at 394. To analyze Plaintiff's claims, therefore, the Court will necessarily need to interpret relevant provisions of the Local 6 CBA. As such, Plaintiff's claim is completely preempted by Section 301 of the LMRA.

4. Similarly, Plaintiff also seeks to assert a new claim, that he was required to undergo excessive physical therapy after an industrial injury in violation of the provisions of the CBA. *See* Yousefzadeh Decl. at ¶ 23. While Plaintiff has not identified what section of the CBA such a claim would be based on, he has expressed that the allegedly excessive physical therapy violated terms or conditions of the CBA. *Id.* Accordingly, as above, this newly proposed claim is "founded directly on rights created by collective bargaining agreements" and/or are substantially dependent on analysis and interpretation of a collective bargaining agreement. *See Hayden*, 957 F.2d at 1509; *see also Caterpillar, Inc.*, 482 U.S. at 394. Thus, to analyze the claim, the Court will necessarily need to interpret relevant provisions of the Local 6 CBA. Accordingly, the claim is completely preempted by Section 301 of the LMRA.

5. In sum, both of the claims that Plaintiff now seeks to assert against Defendant are founded directly on the CBA – and any relief for such claims would require the Court to analyze and interpret the provisions of the CBA. As such, the claims are preempted, and give rise to a federal question.

6. As noted above, Plaintiff (through his counsel) agrees that – in light of the newly asserted claims – this Court is the proper venue for addressing all the

---

[3]  Notably, this claim is distinct and independent from Plaintiff's sixth cause of action that he did not receive timely meal period violations under California Labor Code §§ 512 and 226.7, and is thus owed one hour of premium pay for each violation. *See* Complaint, Notice of Removal, Exh. 1, at ¶¶ 81-98; Yousefzadeh Decl. at ¶ 22. The Complaint makes no reference to the independent breach of the CBA, or its unique remedy of "overtime pay." *See id.*

1  violations now being presented by him. Yousefzadeh Decl. at ¶ 24. Thus, Plaintiff
2  has expressed his agreement that removal to this Court is proper. *Id.*

### III.   SUPPLEMENTAL JURISDICTION

1.   The newly asserted claims do not encompass all of Plaintiff's causes of action. However, to the extent that there are claims alleged in Plaintiff's Complaint that do not raise federal questions (and/or are not preempted by Section 301 of the LMRA), such claims are removable under 28 U.S.C. § 1441(c) and, pursuant to this Court's supplemental jurisdiction, under 28 U.S.C. § 1367. This Court has jurisdiction over such state law claims pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. §1367(a), as they are so related to the federal claims as to form part of the same case or controversy under Article III of the U.S. Constitution.

### IV.   NOTICE TO PLAINTIFF AND STATE COURT

1.   Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of California, County of Alameda, as required by 28 U.S.C. § 1446(d).

WHEREFORE, having provided notice as required by law, the above-entitled action should be removed from the Superior Court of California, County of Alameda, to this Court and Defendant prays that it be so removed.

Dated:   July 27, 2011             SHEPPARD MULLIN RICHTER HAMPTON, LLP


                                    Ronald J. Holland
                                    Babak G. Yousefzadeh
                                    Attorneys for Defendant Waste
                                    Management of Alameda County, Inc.

# EXHIBIT 1

H. Larry Elam III (SBN 178836)
LAW OFFICE OF H. LARRY ELAM III
2977 Ygnacio Valley Road, #267
Walnut Creek, California 94598
Telephone: (925) 465-5151
Facsimile: (925) 465-5152

Attorneys for Plaintiff RENE MALDONADO



FILED
ALAMEDA COUNTY

FEB 0 9 2011

CLERK OF THE SUPERIOR COURT
By _____
Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

RENE MALDONADO,

        Plaintiff,

v.

WASTE MANAGEMENT OF ALAMEDA
COUNTY, INC. and DOES 1-25,

        Defendants.

CASE NO.: **RG11560642**

COMPLAINT FOR:

1. **RACE DISCRIMINATION IN VIOLATION OF FEHA;**
2. **RETALIATION IN VIOLATION OF FEHA;**
3. **HARASSMENT BASED ON RACE IN VIOLATION OF FEHA;**
4. **FAILURE TO ACCOMMODATE IN VIOLATION FEHA;**
5. **FAILURE TO PREVENT DISCRIMINATION/HARASSMENT/ RETALIATION IN VIOLATION OF FEHA; AND**
6. **FAILURE TO PAY WAGES FOR WORK PERFORMED DURING MANDATED MEAL PERIODS IN VIOLATION OF CAL. LABOR CODE §§ 512, 226.7**

<u>DEMAND FOR JURY TRIAL</u>

BY FAX

Plaintiff RENE MALDONADO ("Plaintiff"), as an individual, on information and belief, complains and alleges as follows:

- 1 -

COMPLAINT FOR MONETARY DAMAGES

LAW OFFICE OF H. LARRY ELAM III
2977 Ygnacio Valley Road, #267
Walnut Creek, CA 94598
Tel: (925) 465-5151
Fax: (925) 465-5152

LAW OFFICE OF H. LARRY ELAM III
2977 Ygnacio Valley Road, #267
Walnut Creek, CA 94598
Tel: (925) 465-5151
Fax: (925) 465-5152

### *THE PARTIES*

1.     Plaintiff is, and at all times relevant hereto was, citizen of the State of California, and working in Livermore, California, County of Alameda.

2.     Defendant WASTE MANAGEMENT OF ALAMEDA COUNTY, INC. ("Defendant") is a business organization engaged in the business, inter alia, of providing waste and environmental services in North America.  Defendant is a Texas corporation doing business in Alameda County, California.

3.     Plaintiff is ignorant of the true names or capacities of the defendants sued herein under the fictitious names DOES 1 to 25, inclusive. Plaintiff is informed and believes that each DOE defendant was responsible in some manner for the occurrences and injuries alleged in this complaint.

4.     Plaintiff is informed and believe and thereon alleges that each of the defendants herein designated as a DOE is consciously, willfully, intentionally, knowingly, recklessly, or is otherwise tortuously or legally responsible in some manner for the events and happenings referred to herein and consciously, willfully, intentionally, knowingly, recklessly or otherwise tortuously caused the injuries and damages proximately thereby to Plaintiff as hereinafter alleged, either through each said defendant's own conduct, or through the conduct of each of their agents, servants or employees.

5.     At all relevant times mentioned herein, each of the defendants was an agent, servant and/or employee of each of the remaining defendants, and each of the defendants was at all times mentioned herein acting within the time, purpose and/or scope of said agency and/or employment, and acting with the express and/or implied knowledge, permission and/or consent of each of the remaining defendants, and each of the defendants approved and/or ratified the discriminatory acts and/or omissions and/or conduct alleged herein.  Each of the defendants, either by themselves, or at their direction through the actions or omissions of their agents, servants and/or employees, either participated in the discriminatory acts and/or omissions and/or conduct alleged herein, and/or knew of the discriminatory acts and/or omissions and/or conduct alleged herein, and failed to take corrective action.

LAW OFFICE OF H. LARRY ELAM III
2977 Ygnacio Valley Road, #267
Walnut Creek, CA 94598
Tel: (925) 465-5151
Fax: (925) 465-5152

6.      Reference to actions or conduct of "Defendants and each of them" or to "Defendant" shall include the singular and plural and shall include all Defendants in this action, whether named or designated as a Doe. Reference to any singular Defendant shall include all Doe Defendants to which the facts later are shown to apply.

7.      The events alleged herein occurred in Alameda County and upon Defendant's facilities located in the County of Alameda, State of California.

8.      Plaintiff has exhausted all of his administrative remedies. Plaintiff's claim was filed with the Department of Fair Employment and Housing (DFEH) on or about February 3, 2010. A true and correct copy of the DFEH complaint is attached hereto as **Exhibit 1**, and incorporated herein by this reference.

9.      Plaintiff received a Notice of Right to Sue in a California Superior Court pursuant to California Government Code Section 12965(b), dated February 11, 2010. A true and correct copy of said letter is attached hereto as **Exhibit 2**, and is incorporated herein by this reference. Plaintiff has therefore exhausted his administrative remedies.

## *GENERAL FACT ALLEGATIONS*

10.     Plaintiff was hired by Waste Management on July 19, 1999, as a utility operator. Throughout his employment with Waste Management, Plaintiff performed his duties competently and Waste Management was his employer.

11.     Plaintiff is of male of Hispanic descent.

12.     Between 2004 through 2010, Waste Management, through its supervisors, began to treat Plaintiff differently than it treated non-Hispanic employees.

13.     Between 2004 through 2010, Defendants failed to provide Plaintiff with mandated meal periods or pay Plaintiff the premium wages for work performed during the mandated meal periods.

14.     At all times relevant hereto, Defendants have refused to authorize and permit Plaintiff to take a mandated meal period of at least thirty (30) minutes per five (5) hour work period.

15.     Between 2004 through 2010, Defendants failed to compensate Plaintiff at the appropriate rate for all hours worked. Plaintiff regularly received his meal break late and according

COMPLAINT FOR MONETARY DAMAGES

LAW OFFICE OF H. LARRY ELAM III
2977 Ygnacio Valley Road, #267
Walnut Creek, CA 94598
Tel: (925) 465-5151
Fax: (925) 465-5152

1   to the union contract, Plaintiff was entitled to be paid for five hours at his regular rate and three

2   hours at time and one half rate, which defendants have failed and continued to refuse to pay.

3       16.   At the times wages were paid, Defendants did not provide Plaintiff with accurate

4   itemized statements showing, without limitation, the correct number of hours worked at the straight

5   and overtime rates of pay.

6       17.   On or about March 24, 2008, while performing his customary job duties as a utility

7   operator, Plaintiff sustained a work related and/or industrial injuries to his right arm, shoulder and

8   back. These injuries prevented Plaintiff from performing the essential functions of his position as a

9   utility operator without reasonable accommodation.

10      18.   As a result of the industrial injuries to his arm, shoulder and back, he was released

11  back to work by his physician with work restrictions that precluded Plaintiff from using his right

12  arm and shoulder. These restrictions prevented Plaintiff form performing the essential functions of

13  his position as utility operator without reasonable accommodation. Plaintiff informed his

14  employers of his work restrictions.

15      19.   Plaintiff is informed and believes and thereon alleges that Defendants were

16  cognizant of his work restrictions and modified duty, which was prescribed by Plaintiff's primary

17  treating physician, and began to engage in intentional and deliberate discriminatory conduct

18  towards Plaintiff, including, but not limited to refusing to adhere to Plaintiff's job restrictions by

19  requiring him to do things that were not consistent with his limited release

20      20.   In April 2009, Plaintiff passed the examination to operate heavy equipment despite

21  the fact that he was given the incorrect book for the examination and despite the fact Caucasian

22  employees were given unfair advantages by being allowed to practice on the heavy equipment.

23  Plaintiff requested to be able to practice on the heavy equipment, but was not told that he was not

24  allowed.

25      21.   On or about June 2, 2009, Plaintiff suffered another work related and/or industrial

26  injury while he was attempting to use the portable restroom facilities. The ramp or platform that the

27  portable restrooms were resting on was not stable and when entered the restroom Plaintiff fell and

28  fractured his foot and suffered a laceration to his shin. The lighting was poor. Other employees

- 4 -

LAW OFFICE OF H. LARRY ELAM III
2977 Ygnacio Valley Road, #267
Walnut Creek, CA 94598
Tel: (925) 465-5151
Fax: (925) 465-5152

1 had complained that the ramp was unstable and there was poor lighting. These injuries left Plaintiff

2 unable to perform the essential functions of his position as a utility operator without reasonable

3 accommodation.

4      22.   As a result of Plaintiff's injuries, his doctor restricted is release back to work because

5 of his foot fracture and open wound and the nature of the waste business, however, Defendants

6 refused to provide Plaintiff with modified duty that was consistent with his restrictions. Plaintiff

7 was assigned site maintenance and was told that his hourly rate was reduced from $28.13 to $21.00.

8 Plaintiff viewed this reduction as a demotion.

9      23.   Defendants placed Plaintiff in a security booth that was located in an area that

10 lacked restroom facilities. Plaintiff was told to call transportation if he needed to use the restroom.

11 Plaintiff called transportation when he needed to urinate. After more than an hour no transportation

12 came to take plaintiff. At that Plaintiff had a fractured foot and could not ambulate well. By the

13 time transportation arrived, Plaintiff had an accident and urinated in his pants. Defendants laughed

14 at Plaintiff. Plaintiff then requested to be able to go home and change. Defendants told Plaintiff

15 that he could not leave.

16      24.   In July 2009, prior to being released without restrictions was involved in an

17 automobile accident where he injured his right leg, lower back, shoulder and neck. Plaintiff's

18 doctor took him off work because of his injuries.

19      25.   In February 2010, Plaintiff's doctor released him to work without restrictions.

20 Defendants refused to accept the release and ordered Plaintiff to see the company doctor. Plaintiff

21 was ready willing and able to see the company doctor, but Defendants refused to set up the

22 necessary appoint for 30 days, which prevented Plaintiff for returning to work and earning his

23 wages.

24      26.   In March 2010, Plaintiff received an appointment to see the company doctors to test

25 him to see if he could return to work. Plaintiff was exposed to physically demanding therapy,

26 which Plaintiff believes was in violation of the collective bargaining agreement between

27 Defendants and Plaintiff's union. Nevertheless, Plaintiff passed the testing and was released to

28 return to work.

LAW OFFICE OF H. LARRY ELAM III
2977 Ygnacio Valley Road, #267
Walnut Creek, CA 94598
Tel: (925) 465-5151
Fax: (925) 465-5152

27. In March 2010, Plaintiff returned to work and was assigned to site maintenance when he should been allowed to return to his normal position as a utility operator. His hourly rate was $22.10 when it should have been higher. Plaintiff viewed his job assignment to site maintenance and its corresponding reduction in pay to be a demotion.

28. In November 2010, Plaintiff was allowed to resume work as utility operator only because a worker suffered a debilitating illness. However, Plaintiff was not the first choice. Other employees were asked first and when they declined, Plaintiff was finally approached. Plaintiff's hourly rate increased to $28.53.

29. During the course of Plaintiff's employment with Defendant, up and until the date of his industrial injuries, which severely limited his physical capabilities, Plaintiff had performed his duties and/or responsibilities in an exemplary fashion. Plaintiff regularly received pay increases, favorable employee performance and otherwise capably performed each and every condition of the employment relationship.

30. Acts of discrimination and harassment include but are not limited to the following:

a. During the course of Plaintiff's employment, defendants allowed to exist, tolerated, and even encouraged an atmosphere of racial animus, hostility, and harassment towards Spanish speaking Hispanics. Specifically, Neil J. Wise infused the workplace with racially offensive jokes, including making fun of the way Plaintiff spoke English.

b. Plaintiff, after 10 years of employment with Defendants, he was accused of being an illegal immigrant.

c. Plaintiff was accused and/or blamed for sabotaging equipment, when the truth of the matter was that Plaintiff had nothing to do with the equipment.

d. Plaintiff was accused of sleeping on the job when Defendants knew other employees were sleeping on the job, yet nothing was done to the other employees.

e. Plaintiff was effectively demoted after suffering an on-the-job injury when he was assigned to site maintenance and his hourly rate was reduced.

31. The FEHA establishes that freedom from job discrimination and harassment on certain grounds, including a person's national origin, ethnicity, race, disability, is a civil right;

- 6 -

harassment constitutes an unlawful employment practice. *Matthews v. Superior Court* (1995) 34

Cal. App.4th 598, 602; Cal.Gov. Code §§ 12920, 12921.

32.     Defendant, and each of them, discriminated against Plaintiff in terms, conditions and

existence of his employment based upon Plaintiffs race, Hispanic in violation of Govt. Code §

12940, including subsection (a).

33.     Defendant intentionally discriminated against Plaintiff, individually, constituting

disparate treatment based upon Plaintiffs physical disability and/or medical condition.

34.     Defendant's wrongful conduct proximately caused the Plaintiff to suffer general,

special and statutory damages in an amount to be proven.  Plaintiff has been required to hire the

services of an attorney, and is entitled to recover reasonable attorney fees. Plaintiff is entitled to

injunctive relief including back pay and promotion without discrimination or retaliation.

35.     As a direct and legal result of the conduct by Defendant towards Plaintiff, as further

set forth herein, Plaintiff has suffered with economic and non-economic damages in a sum

according to proof at time of trial, and in excess of the minimum jurisdiction of this Court.

## FIRST CAUSE OF ACTION

## RACE/NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF FEHA

### (AGAINST ALL DEFENDANTS)

36.     Plaintiff incorporates and realleges by reference all previous paragraphs of this

Complaint as if fully set forth herein.

37.     The fact that Plaintiff's race is Hispanic was a substantial factor in Defendants'

decision to treat Plaintiff differently in the terms, conditions, and privileges of employment.

Defendant intentionally discriminated against Plaintiff because of his race. The facts on which

Plaintiff bases this conclusion include, *but are not limited to,* Defendants' ratification and toleration

of statements and actions evincing a discriminatory intent toward Plaintiff; the hostility which

Defendants, its employees and agents exhibited toward Plaintiff; Defendant's differential treatment

of Plaintiff with respect to working conditions, work schedules and assignments; and the underlying

facts set forth in this complaint.

LAW OFFICE OF H. LARRY ELAM III
2977 Ygnacio Valley Road, #267
Walnut Creek, CA 94598
Tel: (925) 465-5151
Fax: (925) 465-5152

LAW OFFICE OF H. LARRY ELAM III
2977 Ygnacio Valley Road, #267
Walnut Creek, CA 94598
Tel: (925) 465-5151
Fax: (925) 465-5152

38. At all times herein mentioned, California Government Code, Sections 12900-12999 were in full force and effect. These statutes, known as the California Fair Employment and Housing Act, make it unlawful for an employer in the State of California to harass discriminate, and/or retaliate against an employee based on his or membership in a protected class.

39. At all times herein mentioned, Defendants, by and through some of its agents and employees, subjected Plaintiff to race discrimination by reason of the facts alleged hereinabove.

40. At all times herein mentioned Defendants once learning of Plaintiff's protected complaints, failed to properly address those complaints as required under the FEHA.

41. As a direct result of this race discrimination under the FEHA, Plaintiff has sustained, and will continue to sustain for a period of time, compensatory damages, including, but not limited to, a loss of income and lost future earning capacity, in an amount according to proof.

42. As a further direct result of this race discrimination under the FEHA, Plaintiff has sustained, and will continue to sustain for a period of time, emotional, and mental distress, pain and suffering, in an amount according to proof.

43. Plaintiff is entitled to reasonable attorney's fees and expenses under the FEHA.

### SECOND CAUSE OF ACTION

### RETALIATION IN VIOLATION OF FEHA

#### (AGAINST ALL DEFENDANTS)

44. Plaintiff incorporates the above paragraphs as if they were fully set forth herein.

45. During the course of his employment at Waste Management, Plaintiff opposed unlawful practices under the FEHA by complaining of discriminatory treatment on repeated occasions.

46. After Plaintiff opposed and protested unlawful practices, Defendants retaliated against Plaintiff as set forth herein.

47. There is a causal link between Plaintiff's complaints and protests, and the adverse employment actions he was subjected to. Defendants, its administrator, managers and supervisors were aware of, or reasonably should have been aware of Plaintiff's opposition to and complaints of discrimination. Defendants' managers and supervisors uttered statements admitting a retaliatory

LAW OFFICE OF H. LARRY ELAM III
2977 Ygnacio Valley Road, #267
Walnut Creek, CA 94598
Tel: (925) 465-5151
Fax: (925) 465-5152

1  motive; other employees in similar positions were treated differently or did not suffer the same

2  consequences; there is a proximity in time between Defendants' knowledge of protected activities

3  and the adverse employment actions; Defendants harbored attitudes that would lead to retaliatory

4  conduct; Defendants responded to the employment situation in a way that deterred from ordinary

5  policy and contractual terms and conditions, among other things.

6      48.    Defendants have engaged in a continuing pattern, practice and policy of retaliating

7  against Plaintiff because of complaints and protests about discrimination, and against other persons

8  who complain of discrimination.

9      49.    By retaliating against Plaintiff, as set forth in this complaint, Defendants acted in

10  violation of the FEHA.

11      50.    As a direct, foreseeable and legal cause of Defendants' retaliatory actions against

12  Plaintiff, as alleged above, Plaintiff has suffered injuries and damages as set forth in this complaint.

13  **THIRD CAUSE OF ACTION**

14  **HARASSMENT IN VIOLATION OF FEHA**

15  **(AGAINST ALL DEFENDANTS)**

16      51.    Plaintiff incorporates and realleges by reference all previous paragraphs of this

17  Complaint as if fully set forth herein.

18      52.    Jurisdiction in this Court is invoked pursuant to the Fair Employment and Housing

19  Act, ("FEHA"), at Government Code §12900 *et. seq.* At all relevant times herein, Government

20  Code sections 12940 *et. seq.,* were in full force and effect and were binding on Defendants. These

21  sections require Defendants to refrain from harassing any employee on the basis of race, among

22  other things.

23      53.    Defendant is an entity with an obligation under the law to assure an environment in

24  which its employees can work freely without fear of harassment on the basis of their race.

25      54.    Defendant allows, condoned, enabled and refused to prevent the harassment of its

26  Hispanic employees, including Plaintiffs, by its managerial officials and by its non-managerial

27  employees as described above.

28

- 9 -

LAW OFFICE OF H. LARRY ELAM III
2977 Ygnacio Valley Road, #267
Walnut Creek, CA 94598
Tel: (925) 465-5151
Fax: (925) 465-5152

56.     The harassment described above was and is so severe and/or pervasive that the working conditions for the Plaintiff has been altered into a racially hostile work environment.

57.     Repeatedly and persistently at all items relevant herein, the Plaintiff has complained to management of the harassment described above, but such harassment has never ceased.

58.     As a proximate cause of the harassing conduct of Defendant against Plaintiff as discussed above, Plaintiff has been harmed and has suffered the loss of wages, salary, benefits and have suffered the intangible loss of such employment related opportunities as the opportunity for advancement and promotion within the Defendant's organization in an amount which will be proven at the time of trial.

59.     As a result of the aforesaid racial harassment, Plaintiff has been held up to great derision and embarrassment with his fellow workers, and has suffered emotional distress because Defendant has demonstrated that it would not recognize nor accept him as employees solely because of his race. Plaintiff is informed and believes that the Defendant and its management acted deliberately for the purposes of injuring him as alleged above. Defendant by and through its managing agents and employees, further acted intentionally and unreasonably because they knew and/or should have known that their conduct was likely to result in mental distress. Plaintiff therefore seeks damages for such emotional distress in an amount to be proven at time of trial.

60.     Plaintiff is informed and believes and thereon alleges that this cause of action is not preempted by the California Workers' Compensation Act on the grounds that racial harassment is not a risk or condition of their employment.

61.     In bringing this action, Plaintiff has been required to retain the services of counsel. Pursuant to Government Code § 12965(b), he is entitled to an award of attorney fees.

**FOURTH CAUSE OF ACTION**

**FAILURE TO ACCOMMODATE IN VIOLATION OF FEHA**

*[California Government Code section 12940(m)]*

**(As Against All Named Defendants; and DOES 1 Through 25)**

62.     Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

- 10 -

LAW OFFICE OF H. LARRY ELAM III
2977 Ygnacio Valley Road, #267
Walnut Creek, CA 94598
Tel: (925) 465-5151
Fax: (925) 465-5152

63. California Government Code section 12940(m) requires employers to "make reasonable accommodation for the known physical or mental disability of an applicant or employee" unless it would pose an undue hardship on the employer.

64. An employer's duty of reasonable accommodation is defined in California Government Code section 12926(n) and may include an employer making existing facilities readily accessible and usable by, individuals with disabilities, or "[j]ob restructuring, part-time or modified work schedules, and other similar accommodations for individuals with disabilities."

65. The disability discrimination by Defendants denied Plaintiff accommodation, whereby the conditions of his employment were adversely altered. Moreover, the discrimination impeded Plaintiff's progress and the enjoyment of his employment with the Defendant, the discriminatory work environment existed on a continuing and ongoing basis from the moment Plaintiff needed an accommodations. Defendants did not engage in an interactive process and violated Government Code §12940(n) and therefore failed to provide reasonable accommodation.

66. Defendants knew or should have known of the discriminatory work environment and conduct against Plaintiff, and consciously disregarded recognized state laws despite the probability of causing injury to Plaintiff.

67. At all times herein mentioned, Defendants, and each of them, failed to provide Plaintiff with reasonable accommodations relating to his disability or perceived disability.

68. Plaintiff is informed and believes and thereupon alleges that the fictitious Defendants named as DOES 1 through 25, inclusive, aided, abetted, incited, compelled, coerced or conspired to commit one or more of the acts alleged herein.

69. As direct and proximate result of Defendant's discrimination. Plaintiff has sustained and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial. Such damages include:

      a. Loss of salary and other valuable employment benefits;

      b. Prejudgment interest and interest in the sum of damages at the legal rate; and

      c. Other consequential damages, including damages for shame, humiliation, mental anguish and emotional distress caused by conduct of Defendants.

LAW OFFICE OF H. LARRY ELAM III
2977 Ygnacio Valley Road, #267
Walnut Creek, CA 94598
Tel: (925) 465-5151
Fax: (925) 465-5152

70.    In addition, Plaintiff is entitled to attorney's fees in prosecution of this lawsuit, pursuant to Government Code Section 12965 (b).

71.    Pursuant to California Government Code section 12965(b), Plaintiff requests the award of attorney's fees against Defendants, and each of them.

### FIFTH CAUSE OF ACTION
### FAILURE TO TAKE PREVENTATIVE STEPS TO PREVENT DISCRIMINATION
### AND/OR HARASSMENT IN VIOLATION OF FEHA
### (AGAINST ALL DEFENDANTS)

72.    Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

73.    At all times herein mentioned, California Government Code, Section 12940(k), was in full force and effect. This statute, in pertinent part, made it an unlawful employment practice in the State of California for an employer to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring in the workplace.

74.    At all times herein mentioned, Defendants had some policies and procedures in place regarding discrimination, harassment, and retaliation based on an employee's membership in a protected class. These policies and procedures, in pertinent part, proscribed harassment, discrimination, and retaliation based on an employee's race.

75.    Defendants at all times herein mentioned, failed to follow its own policies and procedures, as well as state and federal law, by failing to conduct an adequate investigation into Plaintiff's claims of race discrimination, as well as an adequate investigation into his claims of retaliation.

76.    Plaintiff is informed and believes, and thereon alleges, that the aforesaid conduct violated Defendants' duty under the law as well as their own business policies to prevent harassment, discrimination, and retaliation in the workplace.

77.    As a direct result of this failure to prevent discrimination, harassment, and retaliation the workplace under the FEHA, Plaintiff has sustained, and will continue to sustain for a period of

COMPLAINT FOR MONETARY DAMAGES

LAW OFFICE OF H. LARRY ELAM III
2977 Ygnacio Valley Road, #267
Walnut Creek, CA 94598
Tel: (925) 465-5151
Fax (925) 465-5152

1  time, compensatory damages, including, but not limited to, a loss of income and lost future earning

2  capacity, all to his damage in amount according to proof.

3      78.    As a further direct result of this failure to prevent discrimination, harassment, and

4  retaliation in the workplace under the FEHA, Plaintiff has sustained, and has sustained for a period

5  of time, emotional, and mental distress, pain and suffering, all to his damage in an amount

6  according to proof.

7      79.    Plaintiff is entitled to reasonable attorney's fees and expenses under the FEHA.

8                          **SIXTH CAUSE OF ACTION**

9          **FAILURE TO PAY WAGES FOR WORK PERFORMED DURING**

10                      **MANDATED MEAL PERIODS**

11      **(IN VIOLATION OF LABOR CODE §§ 218.6, 226.7, 512, 558, 1194; IWC ORDER 15 §11**

12                  **[TITLE 8 CAL. CODE OF REG. § 11050])**

13     80.    Plaintiff refers to and incorporates all of the paragraphs of this complaint as though

14  fully set forth herein.

15     81.    At all times herein mentioned, Plaintiff was employed by Defendants as a utility

16  operator and, therefore, does not fall within the professional, administrative or executive

17  exemptions.

18     82.    At all times herein mentioned, Defendants were subject to the Labor Codes of the

19  State of California, and to the existing and applicable Industrial Welfare Commission Order 15

20  (Title 8, California Code of Regulations § 11050).

21     83.    Section 11 of the Industrial Welfare Commission Order 15 required Defendant to

22  give Plaintiff meal breaks as follows: "No employer shall employ any person for a work period of

23  more than five (5) hours without a meal period of not less than thirty (30) minutes, except that when

24  a work period of not more than six (6) hours will complete the day's work the meal period may be

25  waived by mutual consent of employer and employee. Unless the employee is relieved of all duty

26  during a thirty (30) minute meal period, the meal period shall be considered an "on duty" meal

27  period and counted as time worked. And "on duty" meal period shall be permitted only when the

28  nature of the work prevents an employee from being relieved of all duty and when by written

- 13 -

LAW OFFICE OF H. LARRY ELAM III
2977 Ygnacio Valley Road, #267
Walnut Creek, CA 94598
Tel: (925) 465-5151
Fax: (925) 465-5152

agreement between parties an on-the-job paid meal period is agreed to."

84.     Section 11 of Industrial Welfare Commission Order 15 further states that "if an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each worked day that the meal period is not provided."

85.     Labor Code § 512 prohibits Defendants from employing Plaintiff for a work period of more than five hours per day without providing Plaintiff with a meal period of not less than 30 minutes.

86.     Defendants failed to comply with section 11 of IWC Order 15 and California Labor Code § 512, by failing to provide required meal periods to Plaintiff.  There is no applicable exemption that would permit Defendants to fail or to refuse to provide Plaintiff with the required meal period.

87.     Defendants further violated IWC Order 15 by failing to pay Plaintiff an additional one hour compensation at their regular rate of pay for each day that Defendants failed to provide Plaintiff the required meal period from 2007 to 2010.  This compensation is owed and unpaid in an amount according to proof at trial, plus interest thereon at the maximum legal rate from the dates such compensation became due and payable, plus all appropriate penalties.

88.     Effective January 1, 2001, Labor Code § 226.7 prohibits Defendants from requiring any employee to work during any meal period mandated by an applicable order of the Industrial Welfare Commission.  If an employer fails to provide an employee a meal period in accordance with an applicable order of the IWC, the employer shall pay the employee one additional hour of pay at the employee's regular rate of pay for each work day that the meal period is not provided.

89.     In *Reynolds vs. Bernent*, the court held: "In addition to the foregoing avenues for the recovery of wages . . . the employee may seek certain civil penalties when the employee is not paid statutorily guaranteed wages.  (See e.g., §§....558 [penalty for violating chapter of IWC order].)..." *Reynolds vs. Bernent*, 32 Cal. Rptr. 3d 483, 490 (2005).

90.     Since the Labor and Workforce Development Agency issues no citation as to Labor Code § 558 penalties for Defendant's violation of Labor Code § 512, Plaintiff may seek these

- 14 -

penalties.

91.     Labor Code § 558 mandates a penalty for violation of Labor Code §512, among other things. Labor Code § 558 mandates a penalty be assessed against any employer who violates or causes to be violated, a section of the chapter starting with Labor Core §§ 500, *et. seq., seq.* or any provision regulating hours and days of work in any order of the Industrial Welfare Commission in the amount of $50 for the first pay period in which the employee is underpaid, in addition to an amount sufficient to recover underpaid wages; and, for each subsequent violation the amount of $100 for each pay period in which the employee is underpaid, in addition to an amount sufficient to recover underpaid wages. The civil penalties so provided in this section are in addition to any other civil penalties provided by law.

92.     As alleged above, Defendants failed to comply with Labor Code § 512 by failing to provide required meal periods to Plaintiff. Plaintiff is therefore entitled to penalties under Labor Code § 558 for each and every pay period that Defendants violated Labor Code § 512. These penalties in an amount according to proof at trial are owed.

93.     As Defendant's conduct alleged herein violates Labor Code §§ 226.7, 512 and 558, Plaintiff is entitled to recover the unpaid compensation, plus interest, attorney's fees and costs of suit pursuant to Labor Code § 1194.

94.     Pursuant to Labor Code § 226.7, Defendants' conduct alleged herein entitles Plaintiff to payment of one (1) additional hour of wages for each day a meal break was not provided.

95.     As a proximate result of Defendants' conduct as alleged herein, Plaintiff has been denied earned compensation for missed meal periods, and thereby sustained, and continues to sustain, damages in a sum according to proof.

96.     Pursuant to Labor Code § 218.6, in any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages at the rate of interest specified in subdivision (b) of Section 3289 of the Civil Code, currently 10 percent per annum, "which shall accrue from the date the wages were due and payable." Plaintiff is entitled to said interest.

97.     As a proximate result of Defendants' conduct as alleged herein, Plaintiff has been denied earned compensation for missed meal periods, and thereby sustained, and continues to

LAW OFFICE OF H. LARRY ELAM III
2977 Ygnacio Valley Road, #267
Walnut Creek, CA 94598
Tel: (925) 465-5151
Fax: (925) 465-5152

LAW OFFICE OF H. LARRY ELAM III
2977 Ygnacio Valley Road, #267
Walnut Creek, CA 94598
Tel: (925) 465-5151
Fax: (925) 465-5152

sustain, damages in a sum according to proof.

98.     As a proximate result of Defendants' conduct as alleged herein, Plaintiff incurred, and continues to incur, substantial costs of suit and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RENE MALDONADO prays judgment to be entered against Defendants, and each of them, and in his favor, as follows:

1.     For money judgment representing compensatory damages including lost wages;

2.     For general damages for mental pain and emotional anguish and suffering;

3.     For cost of suit, including reasonable attorneys' fees; and

4.     For such other and further relief as the Court may deem just and proper.

Dated: February 7, 2011                    LAW OFFICE OF H. LARRY ELAM III

H. Larry Elam III

Attorneys for Plaintiff RENE MALDONADO

COMPLAINT FOR MONETARY DAMAGES

LAW OFFICE OF H. LARRY ELAM III
2977 Ygnacio Valley Road, #267
Walnut Creek, CA 94598
Tel: (925) 465-5151
Fax: (925) 465-5152

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: February 7, 2011

LAW OFFICE OF H. LARRY ELAM III

_H. Larry Elam III_

Attorneys for Plaintiff RENE MALDONADO

COMPLAINT FOR MONETARY DAMAGES

# * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # __E200910M0726-00-rc__
DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)
**MR. RENE MALDONADO**

TELEPHONE NUMBER (INCLUDE AREA CODE)
(209) 496-6533

ADDRESS
1700 McHENRY AVE., PMB 216, SUITE 65B

CITY/STATE/ZIP
MODESTO, CA 95350-4333

COUNTY: STANISLAUS   COUNTY CODE

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME
**WASTE MANAGEMENT OF ALAMEDA COUNTY, INC.**

TELEPHONE NUMBER (Include Area Code)
(925) 455-7347

|DFEH USE ONLY

ADDRESS
10840 Altamont Pass Road

CITY/STATE/ZIP
LIVERMORE, CA 94551

COUNTY: ALAMEDA   |COUNTY CODE

NO. OF EMPLOYEES/MEMBERS (if known)

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day and year) December 28, 2009

|RESPONDENT CODE

THE PARTICULARS ARE:
I allege that on June 2, 2009, the following conduct occurred:

___ termination
x   lay-off
x   demotion
x   harassment
___ genetic characteristics testing
___ constructive discharge (forced to quit)
___ impermissible non-job-related injury

___ denial of employment
x   denial of promotion
___ denial of transfer
x   denial of accommodation
x   failure to prevent discrimination or retaliation
x   retaliation
___ other (specify)

___ denial of family or medical leave
___ denial of pregnancy leave
x   denial of equal pay
___ denial of right to wear pants
___ denial of pregnancy
_____

by   **NEIL J. WISE,**
Name of Person

**Landfill Operations Manager**
Job Title (supervisor/manager/personnel director/etc.)

**Because of my:**

___ sex
___ age
___ religion
x   race/color

___ national origin/ancestry
___ marital status
___ sexual orientation
___ association

___ disability (physical or mental)
___ mental condition (cancer or genetic characteristic)
x   other (specify) Not paid for overtime pay because of shortened lunch

x   retaliation for engaging in protected activity

| State what you believe to be the reason(s) for discrimination | I broke my foot on June 2, 2009, while performing my job duties. I requested Workers' Compensation. When I was released to return to work with restrictions, my employer began to treat me differently. First I was placed in a contaminated environment in direct conflict with my doctor's restrictions. Next my shift was changed with resulted in me being demoted from heavy equipment operator and paid the wrong rate of pay. My employer continues to make comments about the way I speak English. I have been taken off the company payroll. |
|---|---|

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated:   January 19, 2010

H. LARRY ELAM Attorney for Complainant Rene Maldonado
THE VENARDI ELAM FIRM, LLP

At   **Walnut Creek, California**
City

DATE FILED:

DFEH-300-03 (03/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

RECEIVED STATE OF CALIFORNIA

FEB 0 3 2010

Department of Fair
Employment and Housing
Oakland District Office

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2941 TTY (800) 700-2320 Fax (510) 622-2951
www.dfeh.ca.gov



February 11, 2010

RENE MALDONADO
1700 McHenry Ave PMB 216 #65B
Modesto, CA 95350

RE:     E200910M0726-00-rc
        MALDONADO/ALAMEDA, COUNTY OF WASTE MANAGEMENT

Dear RENE MALDONADO:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective February 3, 2010 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless
the case is still open at the end of the three-year period.

Sincerely,

*Allan H. Pederson*

Allan H. Pederson
District Administrator


cc:   Case File


Neil Wise
Landfill Operations Manager
ALAMEDA, COUNTY OF WASTE MANAGEMENT
10840 Altamont Pass Rd
Livermore, CA  94551                                    DFEH-200-43 (06/06)

# EXHIBIT 2

1   RONALD HOLLAND, Bar No. 148687
    rholland@sheppardmullin.com
2   BABAK G. YOUSEFZADEH, Bar No. 235974
    byousefzadeh@sheppardmullin.com
3   SHEPPARD MULLIN RICHTER & HAMPTON LLP
    Four Embarcadero Center, 17th Floor
4   San Francisco, California 94111
    Telephone: 415.434.1900
5   Facsimile: 415.434.3947

6   Attorneys for Defendant
    WASTE MANAGEMENT OF ALAMEDA COUNTY, INC.

7

8

9                      SUPERIOR COURT OF CALIFORNIA
10
                          COUNTY OF ALAMEDA
11
    RENE MALDONADO,                    Case No. RG-11560642
12
             Plaintiff,                **DEFENDANT'S ANSWER TO
13                                      PLAINTIFF'S COMPLAINT**
        v.
14
    WASTE MANAGEMENT OF ALAMEDA
15  COUNTY INC. and DOES 1-25,         Complaint Filed: February 9, 2011
16           Defendant.

17

18

19        Defendant WASTE MANAGEMENT OF ALAMEDA COUNTY, INC. (hereinafter

20  "Defendant" or "Waste Management") answers the Complaint filed by Plaintiff RENE

21  MALDONADO (hereinafter "Plaintiff") in the above-captioned civil action as follows:

22                              I.
                        **GENERAL DENIAL**
23

24        Pursuant to California Code of Civil Procedure section 431.30(b)(1), (d), Defendant

25  denies generally and specifically each and every allegation contained in the Complaint as alleged

26  against Defendant. In addition, Defendant denies Plaintiff has sustained, or will sustain, any loss or

27  damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any

28  other conduct or absence thereof on the part of Defendant.

W02-WEST:5ROH1\403357945.1              1.

    DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT



Superior Court of California, County of Alameda          Receipt Nbr: 453030
Rene C. Davidson Alameda County Courthouse               Clerk: ecoleman
1225 Fallon Street                                       Date: 03/14/2011
Oakland, CA  94612

---

| Type | Case Number | Description | Amount |
|------|-------------|-------------|--------|
| Filing | RG11560642 | Initial Appearance | $395.00 |

```
              Total Amount Due:    $395.00
              Prior Payment:
              Current Payment:     $395.00
              Balance Due:          $.00
              Overage:
              Excess Fee:
              Change:

Payment Method:
              Cash:
              Check:               $395.00
```

# ONE LEGAL LLC

## CONFIRMATION for Court Filing

### This is not an Invoice



| ONE LEGAL CONFIRMATION FOR ORDER NO: | 0728016 | **Date:** 3/14/2011 |
|---|---|---|

| | | |
|---|---|---|
| Customer | SHEPPARD, MULLIN, RICHTER (SF) | Attorney Ronald J. Holland |
| Customer No. | 0013223 | Attorney e-mail rholland@sheppardmullin.com |
| Address | 4 Embarcadero Center | Contact Karen D Davis |
| | Suite 1700 | Contact e-mail kdavis@sheppardmullin.com |
| | San Francisco, CA 94111 | Contact Phone 415-434-9100 |
| | | Contact Fax 714-513-5130 |
| | | Law Firm File Number 0WBS-160196 |

**Case Information:**

Case Number RG11560642
County Alameda
Court Alameda Civil Probate
Case Short Title Rene Maldonado vs. Waste Management of Alameda County, Inc.

**Documents Received:**      No. Docs: 1    No. Pgs: 13

Answer

Confirmation Report. **DO NOT PAY.** An Invoice will be sent later.

| Notes: | Services: | Summary of Charges: |
|---|---|---|
| ETA on caption page(s): on or before our Close of Business on 3/16/11 | Service fee | 42.00 |
| | Court Filing Fee | 395.00 |
| Order Status: Assignment Completed |   Clerk of Court Ck:3196362 | |
| | Funds Advance Fee | 27.65 |

*Do Not Pay – Not An Invoice*

| | Services will be Invoiced later. | DO NOT PAY. | Total: | 464.65 |
|---|---|---|---|---|

Thank you for choosing One Legal. If you have any questions about this assignment, please contact,
105 Branch
Ph: 510-835-3100 Fx: 510-835-9044

RONALD HOLLAND, Bar No. 148687
rholland@sheppardmullin.com
BABAK G. YOUSEFZADEH, Bar No. 235974
byousefzadeh@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone: 415.434.1900
Facsimile: 415.434.3947

Attorneys for Defendant
WASTE MANAGEMENT OF ALAMEDA COUNTY, INC.

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| RENE MALDONADO,<br><br>   Plaintiff,<br><br>  v.<br><br>WASTE MANAGEMENT OF ALAMEDA COUNTY INC. and DOES 1-25,<br><br>   Defendant. | Case No. RG-11560642<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br><br>Complaint Filed: February 9, 2011 |

Defendant WASTE MANAGEMENT OF ALAMEDA COUNTY, INC. (hereinafter "Defendant" or "Waste Management") answers the Complaint filed by Plaintiff RENE MALDONADO (hereinafter "Plaintiff") in the above-captioned civil action as follows:

## I.
## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(b)(1), (d), Defendant denies generally and specifically each and every allegation contained in the Complaint as alleged against Defendant. In addition, Defendant denies Plaintiff has sustained, or will sustain, any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof on the part of Defendant.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## II.
## AFFIRMATIVE DEFENSES

In addition to the general denial set forth above, and without waiving or excusing the burden of proof of Plaintiff or admitting that Defendant has any burden of proof, Defendant asserts the following separate and distinct Affirmative Defenses to Plaintiffs' claims:

### FIRST AFFIRMATIVE DEFENSE

Defendant alleges the Complaint and each and every alleged cause of action therein fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges that, upon information and belief, Plaintiff has failed, refused and/or neglected to mitigate or avoid the damages complained of in the Complaint, if any, and that Plaintiff is barred from recovering monies for injuries that he could have avoided through reasonable efforts.

### THIRD AFFIRMATIVE DEFENSE

Defendant alleges that if any damages or injuries were in fact suffered by Plaintiff, such damages or injuries must be reduced or diminished by amounts received or receivable by Plaintiff in the exercise of reasonable diligence as income or in lieu of earned income.

### FOURTH AFFIRMATIVE DEFENSE

Defendant is informed and believes that a reasonable opportunity for discovery will reveal, and on that basis alleges, the Complaint and each cause of action set forth therein is barred by the equitable doctrines of waiver and consent.

### FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that the Complaint, and each cause of action alleged therein, is barred in whole or in part by the applicable statute(s) of limitation, including, but not limited to, California Code of Civil Procedure §§ 335.1, 337, 338, 339, 340 and/or 343, California Labor Code section 203, or other code sections.

\\\

\\\

\\\

## SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that the Complaint, and each cause of action alleged therein, is barred by Plaintiff's breach of duties owed to Defendant under California Labor Code sections 2854, and 2856 through 2859.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that any obligation or duty, contractual or otherwise, which Plaintiff claims is owed to him has been revoked, rescinded and/or waived.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that any obligation or duty, contractual or otherwise, which Plaintiff claims are owed to him, if any, have been fully performed, satisfied and/or discharged.

## NINTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff did not engage in any protected activity; or, to the extent he did do so (*arguendo*), there is no causal link between the alleged protected activity and any alleged adverse employment action.

## TENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff has failed to state facts sufficient to state a claim for discrimination, harassment, or retaliation under Government Code section 12900 *et seq.*

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that all actions and conduct by Defendant, about which Plaintiff complains, would have been made or taken regardless of any discriminatory, harassing or retaliatory conduct alleged.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant alleges that it acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known at the time, and that all actions taken with regard to Plaintiff were taken for legitimate, good faith non-discriminatory, non-harassing and non-retaliatory business reasons.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that even assuming, *arguendo,* any employee or agent of Defendant engaged in any unlawful conduct toward Plaintiff (which Defendant denies), such conduct was contrary to Defendant's express policies and beyond the course and scope of that individual's employment or agency relationship, and was not authorized, ratified or condoned by Defendant, nor did Defendant know or have reason to be aware of such conduct and such conduct therefore cannot be attributed to Defendant, nor can Defendant be held liable for any such actions.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant alleges it is not vicariously liable for any act or omission of any other person, by way of *respondeat superior*, agency or otherwise.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that to the extent it was aware of wrongful conduct, if any (which Defendant denies), Defendant exercised reasonable care to prevent and promptly correct such conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that the damages alleged in the Complaint were proximately caused by or contributed to by the acts, or failures to act, of persons other than Defendant, and that these acts or failures to act constitute an intervening and superseding cause of the damages and injuries alleged in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff has failed to state a cause of action for retaliation against Defendant, as he has failed to allege any conduct on Defendant's part, retaliatory or otherwise, for which Defendant may lawfully be held responsible.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claims, and his recovery for such, are barred, in whole or in part, by his unreasonable failure to take advantage of preventive and corrective opportunities and other internal remedies provided by Defendant, including but not limited to Defendant's anti-harassment/discrimination/retaliation policies, and to otherwise avoid harm. Defendant alleges that

W02-WEST:5ROH1\403357945.1                          4.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

there was a suitable and reasonable anti-harassment/discrimination/retaliation policy in effect at the facility at which Plaintiff worked at all times material to the allegations in Plaintiff's Complaint. Said policy was communicated to Defendant's employees, including Plaintiff, and Plaintiff unreasonably failed to utilize the policy to complain about alleged retaliation or other conduct he felt was inappropriate. Further, Plaintiff's claims are barred because he failed to exhaust Defendant's internal complaint procedure, in whole or in part.

<u>NINETEENTH AFFIRMATIVE DEFENSE</u>

Defendant alleges that the acts complained of by Plaintiff, if committed by Defendant, were privileged, justified, and/or welcomed by Plaintiff.

<u>TWENTIETH AFFIRMATIVE DEFENSE</u>

Defendant alleges that all actions taken toward Plaintiff were reasonably necessary for the normal operation of Defendant's business, and were based on job-related factors that were consistent with business necessity.

<u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

Defendant alleges that it conducted a reasonable investigation of any complaint of inappropriate conduct by Plaintiff, assuming such a complaint was made, and took all necessary and appropriate action based on that investigation.

<u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

Defendant alleges that Plaintiff unreasonably failed and/or refused to participate or cooperate in Defendant's reasonable investigation of any complaint of inappropriate conduct made by Plaintiff, assuming such complaints were made.

<u>TWENTY-THIRD AFFIRMATIVE DEFENSE</u>

Assuming *arguendo*, the actions alleged in Plaintiff's Complaint occurred, Defendant alleges it had no knowledge of any harassing, retaliatory, or otherwise unlawful behavior of any of its employees, agents, or representatives.

/ / /

/ / /

/ / /

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that, to the extent Plaintiff's claims under state law relate to rates, routes and/or services of an air carrier, they are preempted by Section 1305(a)(1) of the Airlines Deregulation Act of 1978; and 49 U.S.C. §1305(a)(1) and by the Federal Aviation Administration Authorization Act, 49 U.S.C. section 14501.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that the Complaint, and each and every cause of action alleged therein, cannot be maintained to the extent Plaintiff failed to timely invoke and/or exhaust internal remedies; and/or remedies available to him under the California Fair Employment and Housing Act, California Government Code section 12920 *et seq.*, and/or to the extent his claims exceed the scope of any administrative claims which may have been filed by him.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that the Complaint, and each cause of action alleged therein, cannot be maintained against Defendant because, at all relevant times, Defendant acted in good faith and, to the extent that it did act, Defendant had objectively reasonable grounds to believe such actions did not violate any provision of law. Defendant alleges that at no time did it act maliciously, oppressively, wantonly, or with any bad faith, or in conscious or reckless disregard of Plaintiff or the rights of Plaintiff; nor did it authorize, consent to or ratify any malicious, oppressive, or fraudulent conduct by any Defendant's employees or agents toward Plaintiff.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff has failed to state a claim for which punitive or exemplary damages may be granted, because *inter alia*: (1) Plaintiffs failed to plead facts sufficient to support the recovery of such damages; (2) Defendants committed no acts justifying an award of such damages; (3) Defendants had no advance knowledge of the unfitness of any of its employees; and (4) Defendants did not supervise its employees with conscious disregard for the rights and safety of others.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that allowing for the award of punitive damages would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Constitution of the State of California. In addition, the award of punitive damages would violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the corresponding provisions of the Constitution of the State of California.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant alleges that the Complaint fails to properly state a claim for costs or attorney's fees.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendant alleges Plaintiff's claims for emotional distress and/or physical injury damages alleged in the Complaint, which Defendant denies, are barred to the extent they are or were cognizable under the California Workers' Compensation Act, Cal. Lab. Code § 3200 *et seq.*, in that Plaintiff's purported injuries, if any, arose in the course of his employment with Defendant and was subject to said statutory coverage, and the conduct alleged in the Complaint arose out of that employment relationship. As such, the Court lacks jurisdiction over any claims for emotional distress and/or physical injury damages alleged by Plaintiff by reason of the exclusivity provisions set forth in California Labor Code section 3602.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant alleges that this Court lacks sufficient jurisdiction over Plaintiff's claims to the extent that Plaintiffs claim they were wrongfully deprived of benefits. Such claims are preempted by the Employee Retirement Income Security Act of 1974.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant is informed and believes that a reasonable opportunity for discovery will reveal, and on that basis alleges, that Plaintiff's claims are barred, in whole or in part, by the doctrines of latches, estoppel, release, unclean hands, *res judicata* and/or collateral estoppel.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendant alleges it has or will acquire evidence which, had Defendant known about said evidence during Plaintiff's employment, would have resulted in the termination of Plaintiff's employment. As a result of this after-acquired evidence, Plaintiff is not entitled to any damages whatsoever or, at the very least, Plaintiff is not entitled to any damages subsequent to the time that Defendant acquired the evidence.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff failed to exercise reasonable and ordinary care, caution, or prudence to avoid incurring the mental and/or emotional distress alleged by him, if any. The resulting alleged damage or injuries, if any, was proximately caused and contributed to by the negligence and/or intentional conduct of Plaintiff.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that if Plaintiff suffered any emotional distress (and Defendant denies that he did), such distress was caused, in whole or in part, by Plaintiff's own acts or failures to act, the conduct of a third party unrelated to or not employed by Defendant and/or a condition unrelated to Plaintiff's employment.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that the injuries and damages alleged in the Complaint, if any, should be reduced by an amount proportionate to the amount by which they were caused by and/or contributed to by Plaintiff's own acts or failures to act. Thus, any recovery Plaintiff may be entitled to herein should be offset and/or reduced by the proportionate amount of Plaintiff's negligence, fault, bad faith, breach of common law duties and violation of statutory duties, including any offset or deduction, with respect to Plaintiff's claimed damages, and with respect to alleged damages caused by Defendants.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that any award to Plaintiff must be offset by all sums heretofore received by Plaintiff from any source, including but not limited to, unemployment insurance, private

insurance, state disability insurance, Social Security disability payments, workers' compensation payments, and any sums earned by Plaintiff in other employment.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that, to the extent Plaintiff identified any individual or entity sued herein as a "Doe" defendant, each defendant can be liable only for the amount of non-economic damages allocated in direct proportion to each defendant's percentage of fault and that defendants cannot be jointly liable per Section 1431.2 of the California Civil Code.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

The terms and conditions of Plaintiffs' employment were subject to a collective bargaining agreement between Defendant and Plaintiff's local union. As such, answering Defendant alleges that any claims relating to the terms and conditions of Plaintiff's employment and tort claims are preempted by the Labor Management Relations Act section 301, 29 U.S.C. § 185(a) and Plaintiff's failure to exhaust his contractual remedies bars this action.

### FORTIETH AFFIRMATIVE DEFENSE

Defendant alleges that the Court lacks jurisdiction over the subject matter of the action. All of Plaintiff's claims against Defendant are subject to a valid and binding collective bargaining agreement, and, therefore, this Court is not the proper forum for the resolution of the claims alleged in the Complaint.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff's claims are barred in whole or in part because he suffered no discrimination "on the basis of" or "because of" his alleged actual or perceived disability. Thus, Plaintiff's alleged disability, if any, was not a motivating factor for any of Defendant's disputed personnel decisions.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Defendant alleges that, assuming *arguendo*, Plaintiff suffered from any actual or perceived disability, he was able to perform the essential functions of his job without accommodation. Alternatively, Defendant alleges that, assuming *arguendo*, Plaintiff suffered from any actual or

perceived disability, he was unable to perform the essential functions of his job even with reasonable accommodation.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Defendant alleges that, assuming *arguendo*, Plaintiff suffered from any actual or perceived disability, he did not request any reasonable accommodations and/or did not engage Defendant in the interactive process.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff was not entitled to mandatory meal and rest periods under California law, nor is he entitled to recover penalties under California law for allegedly missed meal or rest periods (or taking meal or rest periods shorter than, or later than, prescribed by law), to the extent that he was exempt from meal and rest period requirements pursuant to the California Labor Code, and the provisions of the California Industrial Welfare Commission wage orders.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that, any failure of Plaintiff to take meal or rest breaks during the relevant period, to take meal or rest breaks shorter than the time prescribed by law, and/or to take meal or rest breaks later than is prescribed by law, was the result of Plaintiff's exercise of discretion and judgment, Plaintiffs' personal preference, and/or Plaintiff's failure to follow Defendant's policies or reasonable instructions; such failure to comply was not the result of Defendant's actions, policies and/or the job duties imposed on Plaintiff by Defendant. Defendant further alleges that it did not discourage or, in any way, prevent Plaintiff from complying with meal and rest breaks requirements under California law.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Defendant alleges that any violation of the Labor Code or an Order of the Industrial Welfare Commission was an act or omission made in good faith, and Defendant had reasonable grounds for believing that its wage payment practices complied with applicable laws such that Plaintiff is not entitled to any penalties or damages in excess of any wages which might be found due.

1
### FORTY-SEVENTH AFFIRMATIVE DEFENSE

2 Defendant alleges that the applicable Orders of the Industrial Welfare Commission are

3 invalid for failure to comply with relevant provisions of the Labor Code, including (but not limited

4 to) the statement of the basis rule, and because the orders, or pertinent portions thereof, are arbitrary

5 and capricious.

6
### FORTY-EIGHTH AFFIRMATIVE DEFENSE

7 Defendant alleges that, even assuming (*arguendo*) Plaintiff is entitled to any additional

8 compensation or wages, Defendant has not willfully or intentionally failed to pay any such

9 additional compensation to Plaintiff.

10
### FORTY-NINTH AFFIRMATIVE DEFENSE

11 Defendant alleges that the Complaint fails to state a claim upon which prejudgment interest

12 may be granted because the damages claimed are not sufficiently certain to allow an award of

13 prejudgment interest.

14
### FIFTIETH AFFIRMATIVE DEFENSE

15 Defendant alleges that, because the Complaint is couched in conclusory terms, all affirmative

16 defenses that may be applicable cannot be fully anticipated. Accordingly, the right to assert

17 additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is

18 reserved. In addition, Defendant reserves the right to amend this Answer should it later discover

19 facts demonstrating the existence of new and/or additional affirmative defenses, and/or should a

20 change in the law support the inclusion of new and/or additional affirmative defenses.

21 **WHEREFORE**, Defendants pray for judgment as follows:

22     1.     Plaintiffs take nothing by this action;

23     2.     The Complaint herein be dismissed with prejudice and that judgment be

24             entered against Plaintiffs and in favor of Defendants on all of Plaintiffs'

25             causes of action;

26 / / /

27 / / /

28 / / /

1   3.  Plaintiffs be ordered to pay Defendants' costs and attorneys' fees; and

2   4.  For such other and further relief as the Court deems just and proper.

3 Dated: March 14, 2011     Respectfully submitted,

                    RONALD J. HOLLAND
                    BABAK YOUSEFZADEH

               ATTORNEYS FOR DEFENDANT
           WASTE MANAGEMENT OF ALAMEDA
                  COUNTY, INC.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco; I am over the age of eighteen years and not a party to the within entitled action; my business address is Four Embarcadero Center, 17th Floor, San Francisco, California 94111-4109.

On **March 14, 2011**, I served the following document(s) described as **WASTE MANAGEMENT OF ALAMEDA COUNTY, INC.'S ANSWER TO COMPLAINT** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

H. Larry Elam, III
LAW OFFICE OF H. LARRY ELAM III
2977 Ygnacio Valley Road, #267
Walnut Creek, California 94598
Telephone:   925.465.5151
Facsimile:   925.465.5152

*Attorney for Plaintiff Rene Maldonado*

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐ **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 415-434-3947. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2.306(h)(4), a copy of that report is attached to this declaration.

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 14, 2011, at San Francisco, California.

*Karen D. Davis*
Karen D. Davis

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT